UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL DARISH, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>                              Defendants. | Case No. 1:20-cv-05917-ENV-RLM<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT WILLIAM HACKNEY AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL**<br><br>Date of Service: February 2, 2021 |
| CHARLES HYMOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>                              Defendants. | Case No. 1:20-cv-06126-PKC-RLM |

010981-11/1430649 V1

## I.    INTRODUCTION

The two above-captioned actions allege that mineral exploration firm Northern Dynasty Minerals Ltd. ("Northern Dynasty" or the "Company") and certain of its officers made materially false and misleading statements concerning its core asset, an undeveloped copper and gold resource in Alaska called the Pebble Project, in violation of the Securities Exchange Act of 1934. Specifically, the actions allege Defendants concealed, among other things, environmental and regulatory problems plaguing the Pebble Project. As a result of Defendants' false and misleading statements, investors, including movant William Hackney ("Mr. Hackney" or "Movant"), suffered significant harm. Given that the two actions assert substantially identical claims against nearly identical Defendants on behalf of overlapping classes of investors that purchased Northern Dynasty securities during similar class periods, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Hackney respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Mr. Hackney believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in Northern Dynasty securities during the alleged class period. *See* Certification and Loss Chart, Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Mr. Hackney purchased a total

1

of 230,000 shares in Northern Dynasty and suffered $210,590.16 in losses during the alleged class period. *Id.*

In addition to asserting the largest financial interest in this litigation, Mr. Hackney also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Mr. Hackney, a retired manufacturing representative for the retail industry who holds a Master's degree in Business Administration, is an experienced retail investor. Mr. Hackney has actively managed his own investments for over 30 years. *See* Gilmore Decl., Ex. C at ¶ 2. Further, Mr. Hackney understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.

Mr. Hackney has also demonstrated his adequacy through his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries on behalf of harmed investors. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Mr. Hackney's significant financial interest and his commitment to oversee this action, Mr. Hackney respectfully requests the Court appoint him as Lead Plaintiff.

## II.    FACTUAL BACKGROUND

Northern Dynasty is a Canadian mineral exploration company whose shares trade on the New York Stock Exchange ("NYSE").  The Company's core asset is the Pebble Project located in Alaska. The Pebble project is seeking to develop a significant deposit of copper, gold, molybdenum, and silver into a modern mining operation.

The Actions allege that Northern Dynasty and senior executives misled investors about the viability of the Pebble Project.  The Actions allege that, throughout the Class Period, Defendants touted its progress in obtaining the necessary permitting for the Pebble Project. Defendants also allegedly assured investors that the Pebble Project design included a substantially reduced development footprint and meaningful new environmental safeguards and, as a result, would likely receive necessary permits from federal, state and local regulatory agencies.  The Actions allege that in truth: (1) the Company's Pebble Project was contrary to Clean Water Act guidelines and to the public interest; (2) the Company planned that the Pebble Project would be larger in duration and scope than conveyed to the public; (3) as a result, the Company's permit applications for the Pebble Project would be denied by the U.S. Army Corps of Engineers; and (4) as a result, Defendants' public statements were materially false and/or misleading at all relevant times

Investors allegedly began to learn the truth through a series of partial disclosures beginning on August 24, 2020, when the U.S. Army announced the Pebble Project would significantly degrade the environment, result in significant adverse effects on the aquatic system or human environment, and as proposed "cannot be permitted."

Then, on September 21, 2020, the Environmental Investigation Agency released recordings of conversations between Northern Dynasty senior executives and EIA investigators

3

revealing the company has plans to expand the Pebble Project mine operations from 20 years to 180 – 200 years and to expand it geographically.

Finally, on November 25, 2020, Northern Dynasty announced the U.S. Army Corps. of Engineers rejected the Company's Pebble Project permit application under the Clean Water Act, finding the project "is not in the public interest."

Each of these disclosures caused the price of Northern Dynasty's shares to decline, thereby injuring class members.

### III.    ARGUMENT

**A.    The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).

To date, Movant is aware of the two above-captioned Related Actions in this District against Defendants. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Id.*; *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 206 (E.D.N.Y. 2019) (same); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 290 (E.D.N.Y. 2018) (same). Here the Related Actions are based upon the same alleged misconduct, name almost the same Defendants, allege similar class periods, overlap in class definition, and assert many of the same claims. Consolidation, therefore, is appropriate. *Id.*

**B.    Movant Should Be Appointed Lead Plaintiff**

Mr. Hackney should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The

PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Mr. Hackney believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.    Movant's Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on December 4, 2020 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. D. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class

To determine which movant has the largest financial interest, the Court is to consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 234 (E.D.N.Y. 2011) (internal quotations and citations omitted).

During the Class Period, Mr. Hackney expended $285,100 purchasing 230,000 Northern Dynasty shares on the NYSE during the Class Period at the artificially inflated prices and suffered total losses of $210,590.16. *See* Gilmore Decl., Exs. A and B. To the best of Mr. Hackney's counsel's knowledge, there is no other movant with a larger financial interest.

Therefore, Mr. Hackney satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Movant Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "As for satisfying the requirements of Fed. R. Civ. P. 23, at this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met." *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-4846, 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017), *citing Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015) ("With regard to Rule 23, the movants need only make a preliminary showing that they would meet its typicality and adequacy requirements").

"Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 29 (E.D.N.Y. 2019). Mr. Hackney satisfies this requirement because, just like all other proposed class members, Mr. Hackney seeks to assert claims and recover damages arising from Defendants' misrepresentations and omissions during the Class Period.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012).

6

As set forth in greater detail below, Mr. Hackney has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Mr. Hackney's interests and the interests of the Class. Finally, Mr. Hackney has the sophistication and interest to ensure this case is vigorously prosecuted. Mr. Hackney, a retired manufacturing representative for the retail industry who holds a Master's degree in Business Administration, has actively managed his own investments over the past 30 years. *See* Gilmore Decl., Ex. C at ¶ 2. Moreover, Mr. Hackney has submitted a Declaration and Certification declaring his commitment to protecting the interests of the Class, and the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Ex. A-B.

**C.    The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mr. Hackney has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. E at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. E at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

7

## IV.   CONCLUSION

For the foregoing reasons,  Mr. Hackney respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Hackney as Lead Plaintiff pursuant to the PSLRA; (3) approve Mr. Hackney's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: February 2, 2021                                Respectfully Submitted,

                                                       HAGENS BERMAN SOBOL SHAPIRO LLP

                                                       By   */s/ Nathaniel A. Tarnor*
                                                            NATHANIEL A. TARNOR

                                                       322 8th Avenue, Suite 802
                                                       New York, NY10001
                                                       Telephone: (212) 752-5455
                                                       Facsimile:  (917) 210-3980
                                                       nathant@hbsslaw.com

                                                       Reed R. Kathrein
                                                       Lucas E. Gilmore
                                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                                       715 Hearst Avenue, Suite 202
                                                       Berkeley, CA  94710
                                                       Telephone: (510) 725-3000
                                                       Facsimile:  (510) 725-3001
                                                       reed@hbsslaw.com
                                                       lucasg@hbsslaw.com
                                                       danielles@hbsslaw.com
                                                       wesleyw@hbsslaw.com

                                                       Steve W. Berman
                                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                                       1301 Second Avenue, Suite 2000
                                                       Seattle, WA  98101
                                                       Telephone: (206) 623-7292
                                                       Facsimile:  (206) 623-0594
                                                       steve@hbsslaw.com

                                                       *Counsel for [Proposed] Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                        */s/ Nathaniel A. Tarnor*
                                        NATHANIEL A. TARNOR