**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEIL DARISH, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, AND TOM COLLIER,<br><br>    Defendants. | **CASE No.: 1:20-cv-05917-ENV-RLM**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DARYL WHITMORE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| CHARLES HYMOWITZ, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>    Defendants. | **CASE No.: 1:20-cv-06126-PKC-RLM**<br><br>**CLASS ACTION** |

1

Movant Daryl Whitmore ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     consolidating the above-captioned actions;

(b)     appointing Movant as Lead Plaintiff for the Class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Northern Dynasty Minerals Ltd. ("Northern Dynasty" or the "Company") between December 21, 2017 and November 25, 2020, both dates inclusive (the "Class Period"); and

(c)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The action captioned *Darish v. Northern Dynasty Minerals Ltd., et al.*, Case No. 1:20-cv-05917-ENV-RLM (E.D.N.Y.) (the "*Darish* Action") was commenced on December 4, 2020 against the Company and certain of its officers for violations under the Exchange Act. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The related action, *Hymowitz v. Northern Dynasty Minerals Ltd., et al.*, Case No. 1:20-cv-06126-PKC-RLM (E.D.N.Y.) (the "*Hymowitz* Action" and, collectively with the *Darish* Action, the "Related Actions") was filed on December 17, 2020, alleging the same Exchange Act allegations against the same defendants during the same Class Period.

Defendant Northern Dynasty purportedly engages in the exploration of mineral properties in the United States. Its principal mineral property is the Pebble copper-gold-molybdenum

project comprising 2,402 mineral claims that covers an area of approximately 417 square miles located in southwest Alaska (the "Pebble Project"). The Company is incorporated in British Columbia, Canada with its principal executive offices located at 15th Floor, 1040 West Georgia Street, Vancouver, British Columbia, Canada V6E 4H1. The Company's securities are traded on the New York Stock Exchange ("NYSE") under the ticker symbol "NAK."

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) the Company's Pebble Project was contrary to Clean Water Act guidelines and to the public interest; (2) the Company planned that the Pebble Project would be larger in duration and scope than conveyed to the public; (3) as a result, the Company's permit applications for the Pebble Project would be denied by the U.S. Army Corps of Engineers; and (4) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On August 24, 2020, the U.S. Army released a statement concerning the Pebble Project, stating that it would result in "significant degradation of the environment and would likely result in significant adverse effects on the aquatic system or human environment." The U.S. Army further found that "the project, as currently proposed, cannot be permitted under section 404 of the Clean Water Act." The U.S. Army requested that the Company submit a mitigation plan in response to this finding.

On this news, Northern Dynasty's stock price fell $0.55 per share, or 37.9%, to close at $0.90 per share on August 24, 2020.

On November 25, 2020, Northern Dynasty reported that the U.S. Army Corps of Engineers had rejected its permit applications related to the Pebble Project.

On this news, Northern Dynasty's stock price fell $0.40 per share, or 50%, to close at $0.40 per share on November 25, 2020, damaging investors.

3

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned Related Actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any

4

pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

The Movant has filed herewith a PSLRA certification attesting that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $496,678.59 in connection with his purchases of Northern Dynasty securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Northern Dynasty securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Northern Dynasty's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Movant is a resident of Oregon. Movant has two associates degrees, one in criminal justice and one in forestry, as well as a bachelor's degree in natural resource management. Movant is retired, and has been investing for over 5 years. Movant has communicated with competent, experienced counsel concerning this case and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted

on behalf of the Class. Movant also sustained financial losses from investments in Northern Dynasty securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively involved since the inception of the case, including filing the initial complaint in the first action, researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against

Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving the Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: February 2, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

10