UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL DARISH, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>      Defendants. | Case No.  1:20-cv-05917-ENV-RLM<br><br>NOTICE OF MOTION OF LAWRENCE KELEMEN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL |
| CHARLES HYMOWITZ, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>      Defendants. | Case No.  1:20-cv-06126-PKC-RLM |

TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lawrence Kelemen ("Kelemen"), by and through his counsel, will and does hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Kelemen as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants that purchased or otherwise acquired Northern Dynasty Minerals Ltd. securities from December 21, 2017 through November 25, 2020, both dates inclusive (the "Class"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the Class.  Oral argument will be on a date and at a time to be designated by the Court.

Kelemen is aware of Rule III.B. of the Individual Motion Practices and Rules of the Honorable Eric N. Vitaliano ("Judge Vitaliano's Rules"), which provides, in relevant part, that, when filing a motion, "the parties are to jointly file a letter proposing a briefing schedule for Court approval" and that "[n]o party is to serve any motion paper prior to obtaining court approval of the schedule."  Kelemen is also aware of Judge Vitaliano's Rule III.D., which provides, in relevant part, that "no motion paper shall be filed until the motion has been fully briefed" (emphasis in original).  Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Related Actions is February 2, 2021, on which date any member of the putative class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Kelemen will thus not know the identities of the other putative class members, if any, who intend to file competing Lead Plaintiff motions until February 3, 2021—the day after the statutory deadline— making conferral with opposing counsel, filing of a joint letter proposing a briefing schedule, full

1

briefing of the motion, and service of Kelemen's motion papers prior to their filing impracticable. Under these circumstances, Kelemen respectfully requests that compliance with Judge Vitaliano's Rules III.B. and III.D. be waived in this instance. Likewise, Kelemen respectfully submits that the 60-day PSLRA deadline falls within the exception provided for in Judge Vitaliano's Rule III.E., which states, in relevant part, that Judge Vitaliano's Rules "do not require a pre-motion conference or that a motion be fully briefed before it is filed when strictly enforced time limits must be met to preserve rights" and that "if any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of [Judge Vitaliano's Rules], will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil . . . Procedure, together with an explanation of the basis for the conclusion."

Additionally, Kelemen is aware of Rule A. of the Honorable Roanne L. Mann's Individual Motion Practices and Rules ("Judge Mann's Rules") with respect to non-dispositive motions, which provides, in relevant part: "[P]arties seeking judicial resolution of such a dispute should comply with Local Civil Rules 37.3 and 6.4 and file a Letter Motion, not exceeding three (3) pages, exclusive of attachments. No formal motion is required. If more than three pages are necessary, parties should file a Letter Motion on ECF requesting permission to file a submission exceeding three pages." (Emphasis in original). Here, for the same reasons discussed above, the PSLRA's February 2, 2021 lead plaintiff motion deadline renders conferral with opposing parties and full compliance with Judge Mann's Rules prior to the filing of Kelemen's motion papers impracticable. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Further, under the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants "that the court determines to be most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i), which requires a determination of, *inter alia*, whether movants have filed their

2

motion by the PSLRA's statutory deadline, have the largest financial interest in the litigation, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Accordingly, Kelemen respectfully submits that providing the requisite showings of financial interest and satisfaction of Rule 23's criteria under the PSLRA will require a submission exceeding the three-page limitation set forth in Judge Mann's Rules. Likewise, to timely file this motion with the Court, Kelemen respectfully submits that the filing of a formal motion along with a supporting memorandum of law, declaration, and proposed order on the February 2, 2021 motion deadline is necessary in this instance to preserve his statutory right to seek appointment as Lead Plaintiff pursuant to the PSLRA.

Under these circumstances, Kelemen respectfully requests that compliance with Judge Vitaliano's Rules III.B. and III.D., and Judge Mann's Rule A. with respect to non-dispositive motions, be waived in this instance.

Dated:  February 2, 2021

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano*
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

3

(*_pro hac vice_ application forthcoming)

_Counsel for Lawrence Kelemen and Proposed_
_Lead Counsel for the Class_

4