**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEIL DARISH, Individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br>      v. <br><br> NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER <br><br>       Defendants. | No. 1:20-cv-05917-ENV-RLM <br><br> <u>CLASS ACTION</u> <br> **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RYAN MANZEK AND MICHAEL MOONEY FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS** <br><br> **ORAL ARGUMENT REQUESTED** |
| CHARLES HYMOWITZ, Individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br>      v. <br><br> NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER, <br><br>       Defendants. | No. 1:20-cv-06126-PKC-RLM |

Ryan Manzek ("Manzek") and Michael Mooney ("Mooney") respectfully submit this memorandum of law in support of their motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Kehoe Law Firm, P.C. ("KLF") as Lead Counsel for the Class; (3) for consolidation of all related securities class actions pursuant to Federal Rule of Civil Procedure 42(a); and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

There are two related securities class actions filed against Northern Dynasty Minerals Ltd. ("Northern Dynasty" or the "Company"). The related actions allege that from December 21, 2017 through November 25, 2020, inclusive (the "Class Period"), Defendants misrepresented and concealed the scope and environmental soundness of one of its most important mines.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(B)(i)). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Federal Rule of Civil Procedure 23(a). 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Manzek and Mooney believe that they are the "most adequate plaintiff" by virtue of, among other things, the approximately $593,139 in losses they incurred on their investments in Northern Dynasty securities as calculated under either a first-in, first-out basis ("FIFO") or last-in, first-out basis ("LIFO").

Manzek and Mooney also satisfy the relevant requirements of Rule 23(a) because their claims are typical of all members of the Class, and they will fairly and adequately represent the

Class.  Moreover, Manzek and Mooney fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee the vigorous prosecution of this action.  *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A.  Before seeking a role as Lead Plaintiff, Manzek and Mooney held a joint conference call to discuss, among other things, their common goals in the litigation, the merits of the claims, the significant losses they incurred, and their commitment to overseeing counsel to ensure the case is litigated vigorously and efficiently so that the Class receives the best possible result.

Further, Manzek and Mooney has selected KLF, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Manzek and Mooney respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND

Northern Dynasty engages in the exploration of mineral properties in the United States. ¶7.[1]  Its principal mineral property is the Pebble copper-gold-molybdenum project comprising 2,402 mineral claims that covers an area of approximately 417 square miles located in southwest Alaska (the "Pebble Project").  *Id.*  As alleged, throughout the Class Period, the Company repeatedly misrepresented the scope of the project, that it was environmentally sound, and was on a path toward U.S. government approval.  ¶¶17-28.  For instance, Northern Dynasty stated that the Pebble Project contained "meaningful new environmental safeguards," a "more conservative design," and "a substantially reduced development footprint" as compared to previous iterations

---

[1] All citations to ¶__ refer to the complaint filed in *Darish*, unless otherwise indicated.

of the project.  ¶17.  More specifically, Northern Dynasty stated that the Pebble Project would "operate for a period of 20 years" and would be "half the size previously envisaged."  ¶21.

These statements were materially false and misleading.  On August 24, 2020, the U.S. Army stated that the Pebble Project would result in "significant degradation of the environment and would likely result in significant adverse effects on the aquatic system or human environment." ¶30.  The U.S. Army further found that "the project, as currently proposed, cannot be permitted under section 404 of the Clean Water Act."  *Id.*  On this news, Northern Dynasty's stock price fell $0.55 per share, or 37.9%, to close at $0.90 per share on August 24, 2020.  ¶31.

On September 21, 2020, the Environmental Investigation Agency released a recording with Company executives that demonstrated that Northern Dynasty, contrary to previous public statements, planned to build a massive mine in connection with the Pebble Project that would last up to 180 years (as opposed to a mine with a reduced footprint lasting just 20 years).  ¶32.

Then, on November 25, 2020, Northern Dynasty reported that the U.S. Army Corps of Engineers had rejected its permit applications related to the Pebble Project because its "compensatory mitigation plan" was "non compliant" and that the project was "not in the public interest."  ¶33.  On this news, Northern Dynasty's stock price fell $0.40 per share, or 50%, to close at $0.40 per share on November 25, 2020.  ¶34.

## ARGUMENT

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice of pendency of the action.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A). On December 4, 2020, Plaintiff Neil Darish filed the first of the related actions.  *See Darish*, ECF No. 1.  On the same day, counsel for Mr. Darish published a notice on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to seek Lead Plaintiff status by

3

February 2, 2021.  *See* Bleichmar Decl. Ex. B.  Accordingly, Manzek and Mooney satisfy the PSLRA's 60-day requirement through the filing of this motion.

**A.      Manzek and Mooney Are The Most Adequate Plaintiff**

Manzek and Mooney respectfully submit that they are entitled to Lead Plaintiff appointment because they are the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

**1.      Manzek and Mooney Believe That They Have The Largest Financial Interest In The Relief Sought By The Class**

Manzek and Mooney should be appointed Lead Plaintiff because they believe that they have the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(bb).  Manzek and Mooney incurred losses of approximately $593,139 from their investments in Northern Dynasty securities during the Class Period as calculated under FIFO or LIFO.[2]  To the best of Manzek and Mooney's knowledge, there is no other applicant seeking Lead

---

[2] Manzek and Mooney's PSLRA-required Certifications are attached as Exhibit A to the Bleichmar Decl. submitted herewith.  A chart setting forth calculations of Manzek and Mooney's financial interest is attached as Exhibit C to the Bleichmar Decl.  Courts generally consider four factors when assessing financial interest: (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered.  *See Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).  Courts may also consider a movant's recoverable losses as assessed under the Supreme Court's ruling in *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336 (2005).  Manzek and Mooney's motion, PSLRA certification, and loss calculation provide all the trading information necessary to calculate their financial interest under all possible metrics and does not presuppose that there is only one valid methodology, but rather that different metrics may be useful in different circumstances to properly compare the financial interests of competing movants.

Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, Manzek and Mooney believe that they have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. §§ 78u-4(a)(3)(B)(iii).

### 2.    Manzek and Mooney Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Manzek and Mooney satisfy the requirements of Rule 23.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant must make only "a preliminary showing" that the movant satisfies the adequacy and typicality requirements of Rule 23(a). *Stitt v. On Deck Capital, Inc.*, 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (citation omitted).  Here, Manzek and Mooney satisfy both requirements.

Manzek and Mooney's claims are typical of the claims of other purchasers of Northern Dynasty securities.  Typicality is satisfied when each class member's claims "arise[s] from the same course of events, and the other class members make similar legal arguments to prove liability." *Id.*  Here, Manzek and Mooney's and all other class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Like all other class members, Manzek and Mooney: (1) purchased Northern Dynasty securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result. *Id.* at *2-3 (typicality satisfied when movant "claims that [defendant] issued false and misleading statements that caused the company's shares to trade at an artificially inflated price [and] claims arise from the same course of conduct affecting each member of the proposed class").  As such, Manzek and Mooney are typical of the class they seek to represent.

5

Manzek and Mooney likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A Lead Plaintiff must not have interests that are antagonistic to the class the movant seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See Lopez v. CTPartners Executive Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015). Manzek and Mooney satisfy these elements because they have a substantial financial stake in the litigation which provides the ability and incentive to vigorously represent the Class' claims. Manzek and Mooney's interests are aligned with those of the other class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Manzek and Mooney and other class members.

Indeed, Manzek and Mooney have offered evidence to the Court that they will adequately protect the interests of the Class. As set forth in the Joint Declaration submitted herewith, Manzek and Mooney have demonstrated their commitment to working together cohesively to prosecute this case, oversee counsel, and maximize the potential recovery for the Class. *See* Bleichmar Decl., Ex. D, Joint Decl.; *cf. Brady v. Topships Inc.*, 324 F. Supp. 3d 335, 347 (E.D.N.Y. 2018) (joint declaration "provided evidence of [an investor group's] ability to cohesively manage the litigation"); *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.* 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing a group in view of "declarations demonstrating cooperative efforts"); *Goldstein v. Puda Coal, Inc.*, 2011 WL 6075861, at *7 (S.D.N.Y. Dec. 6, 2011) (appointing a group of investors who submitted a sworn declaration). Here, the Joint Declaration establishes that Manzek and Mooney are a cohesive group of Northern Dynasty investors that determined on their own to

jointly seek appointment as Lead Plaintiff and have already shown their ability to manage the litigation effectively and in the best interests of the Class. *See* Bleichmar Decl., Ex. D.

The Joint Declaration sets forth the reasons why Manzek and Mooney decided to collaborate in this litigation and describes how the group was formed. Specifically, prior to seeking Lead Plaintiff appointment, Manzek and Mooney consulted with their proposed Lead Counsel regarding the merits of the claims against Defendants, their losses arising from Defendants' misconduct, and the proposed litigation strategy. *Id*. ¶¶ 7-8. Through the course of those consultations, Manzek and Mooney each learned that the other was interested in seeking Lead Plaintiff status and expressed interest in partnering together with other like-minded investors in seeking appointment as Lead Plaintiff. *Id*.

Prior to seeking appointment as Lead Plaintiff, Manzek and Mooney participated in a conference call on February 2, 2021 to formalize their leadership of the action and their oversight of counsel. *Id*. ¶ 9. Together they discussed, among other things: the facts at issue in the case; the strength of the claims against Defendants, the size of their respective losses; the strategy for prosecuting the action; the benefits the Class would receive from the leadership of a small coordinated group of investors; their interests in prosecuting the case in a collaborative and like-minded manner; and their interests in ensuring that the Class receives the best possible outcome in this case. *Id*. ¶¶ 9-11.

The evidence submitted by Manzek and Mooney demonstrating their commitment to advancing the interests of the Class supports their appointment and confirms that they satisfy the adequacy and typicality requirements of Rule 23. *See, e.g.*, *In re Bank of Am..*, 258 F.R.D. at 270 (concluding that "demonstrated cooperation among plaintiffs" through discussions and declarations "satisfies concerns about designating groups as lead plaintiffs").

Further, Manzek and Mooney have demonstrated their adequacy through their selection of KLF as Lead Counsel to represent the Class in this action. As discussed more fully below, KLF is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.      Manzek and Mooney Selected Well-Qualified Counsel To Represent The Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." *Aude v. Kobe Steel, Ltd.*, 2018 WL 1634872, at *4 (S.D.N.Y. Apr. 4, 2018) (internal quotation omitted). KLF, Manzek and Mooney's choice for Lead Counsel for the Class, is highly experienced in prosecuting complex litigation generally and securities and other financial litigation in particular. The KLF attorneys assigned to this matter are highly experienced litigators, having served as lead and co-lead counsel on behalf of dozens of institutional investors, and have secured significant recoveries on behalf of investors in some of the most prominent securities fraud cases in recent history. KLF's attorneys' experience includes the landmark recovery of $3.2 billion for the class in *In re Tyco Ltd. Sec. Litig.*, MDL No. 02-1335-PB (D.N.H); a settlement of $2.4 billion for the class in *In re Bank of America Corp. Sec. Litig.*, 09-MDL-2058 (S.D.N.Y.); a $627 million settlement *In re Wachovia Corp. Preferred Sec. and Bond/Notes Litig.*, 09-cv-6351 (S.D.N.Y.); and a $615 million settlement in *In re Lehmann Brothers Equity/Debt Sec. Litig.*, 08-cv-5523 (S.D.N.Y.). *See* KLF Firm Resume, attached as Ex. E to the Bleichmar Decl.

Similarly, BFA, Manzek and Mooney's choice for Local Counsel, is among the foremost securities class action law firms in the country. BFA's partners have represented investors and secured significant recoveries in some of the most prominent securities fraud cases in recent

8

decades.  The firm's recent matters include a $234 million recovery in *In re MF Global Holdings Sec. Litig.*, 1:11-cv-07866-VM (S.D.N.Y.); a $219 million recovery in *In re Genworth Financial Inc. Sec. Litig.*, 3:14-cv-00682-JAG (E.D. Va.), the largest securities class action recovery ever achieved in the Eastern District of Virginia; and a $120 million recovery in *Freedman v. Weatherford Int'l, Ltd.*, 1:12-cv-02121-LAK (S.D.N.Y.).  *See* BFA's Firm Resume, attached as Ex. F to the Bleichmar Decl.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Manzek and Mooney's selection of KLF as Lead Counsel for the Class.

**C.    Consolidation Of All Related Actions Is Warranted**

There are currently two related actions pending in this District against Defendants:

| Case | Civil Action No. | Date Filed |
|---|---|---|
| *Darish v. Northern Dynasty Minerals Ltd.* | 1:20-cv-05917 | December 4, 2020 |
| *Hymowitz v. Northern Dynasty Minerals Ltd.* | 1:20-cv-06126 | December 17, 2020 |

These actions present substantially similar factual and legal issues because they both allege claims for securities fraud under the Exchange Act against the same defendants relating to the same time period and are predicated on substantially similar types of false statements.  Rule 42(a) grants broad discretion to consolidate cases that involve common questions of law or fact, as here. *See Taylor v. Barnes & Noble, Inc.*, 2014 WL 12769396, at *2-4 (S.D.N.Y. July 16, 2014).

**CONCLUSION**

For the reasons discussed above, Manzek and Mooney respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of KLF as Lead Counsel for the Class; (3) consolidate all related actions pursuant to Rule 42(a); and (4) grant any such further relief as the Court may deem just and proper.

9

Dated:  February 2, 2021

Respectfully Submitted,

**BLEICHMAR FONTI & AULD LLP**

*/s/ Javier Bleichmar*
Javier Bleichmar
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile:  (212) 205-3960
jbleichmar@bfalaw.com

*Local Counsel*

**KEHOE LAW FIRM, P.C.**
John A. Kehoe
Michael Yarnoff
Two Penn Center Plaza
1500 JFK Boulevard, Suite 1020
Philadelphia, PA 19102
Telephone: (212) 792-6676
Facsimile: (510) 350-9701
jkehoe@kehoelawfirm.com
myarnoff@kehoelawfirm.com

*Counsel for Proposed Lead Plaintiff Manzek
and Mooney, and Proposed Lead Counsel for
the Class*

10