UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL DARISH, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>      Defendants. | Case No.  1:20-cv-05917-ENV-RLM<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF LAWRENCE KELEMEN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>Date of Service: February 2, 2021 |
| CHARLES HYMOWITZ, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>      Defendants. | Case No.  1:20-cv-06126-PKC-RLM |

Movant Kelemen[1] respectfully submits this Memorandum of Law in further support of his motion for consolidation of the Related Actions, appointment as Lead Plaintiff on behalf of the Class and approval of his selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 14); and in opposition to the competing motions of (1) Daryl Whitmore ("Whitmore") (Dkt. No. 10); (2) Ryan Manzek and Michael Mooney ("Manzek and Mooney") (Dkt. No. 19); and (3) William Hackney ("Hackney") (Dkt. No. 8).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in Northern Dynasty securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the Action; and who satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

While the PSLRA does not define "financial interest," courts in the Second Circuit, including this Judicial District, recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 U.S. Dist. LEXIS 3028, at *16 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider

---

[1] All capitalized terms herein are defined in Kelemen's moving brief, unless otherwise indicated. *See* Dkt. No. 15.

[2] Initially two other movants or groups of movants filed similar competing motions: (1) Antonio Sierra Hernandez, Jeremy Spears, and Christopher Wu (collectively, the "Hernandez Group") (Dkt. No. 5); and (2) Jim McCormick and Laurent Martel ("McCormick and Martel") (Dkt. No. 13).  On February 16, 2021, the Hernandez Group filed a notice of non-opposition to the competing motions, noting that "Lawrence Kelemen, claiming losses of $636,738, has 'the largest financial interest in the relief sought by the class' and should be appointed as Lead Plaintiff."  Dkt. No. 24 at 2.  Also on February 16, 2021, McCormick and Martel filed a notice of non-opposition, stating that "[h]aving reviewed the competing motions, [they] do not appear to have the largest financial interest in the relief sought by the class."  Dkt. No. 25 at 1.

"the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Chahal v. Credit Suisse Grp. AG*, Nos. 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018) (equating financial interest with economic loss).

Here, the movant with the greatest financial interest within the meaning of the PSLRA is Kelemen, having suffered approximately *$636,738* in losses in connection with his purchases of Northern Dynasty securities as a result of the Company's alleged malfeasance.  The table below sets forth Kelemen's losses compared to those of the competing movants:

| Movant | Loss |
|---|---|
| Lawrence Kelemen | $636,738 |
| Ryan Manzek and Michael Mooney | $539,139 |
| Daryl Whitmore | $496,679 |
| William Hackney | $210,590 |

Kelemen's loss of $636,738 is significantly larger than those of any competing movant. Manzek and Mooney, the movant duo with the next-largest loss after Kelemen, have alleged a loss nearly $100,000 smaller than that of Kelemen.  As such, Kelemen clearly possesses the "largest financial interest" within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

Kelemen also satisfies the typicality and adequacy requirements of Rule 23.  Kelemen, like all Class members, purchased Northern Dynasty securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).  Kelemen's significant losses give him "a sufficient

2

interest in the outcome of the case to ensure vigorous advocacy," Kelemen is aware of no conflict between his interests and those of the putative Class, and in Pomerantz, Kelemen has retained qualified and experienced class counsel. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011). Kelemen has further demonstrated his adequacy by submitting a Declaration with his initial motion papers affirming, *inter alia*, his background, his awareness of the status of this litigation and the significance of his motion, his reasons for seeking appointment as Lead Plaintiff, and his readiness to undertake the responsibilities of Lead Plaintiff, including supervising his chosen counsel. *See* Dkt. No. 17-5.

For the reasons set forth herein, Kelemen respectfully submits that his motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### A.    Kelemen Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Kelemen.

### 1. Kelemen Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Comverse*, 2007 U.S. Dist. LEXIS 3028, at \*16 (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *Foley*, 272 F.R.D. at 128 ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at \*12 (equating financial interest with economic loss); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at \*3 (S.D.N.Y. Nov. 13, 2017) (same); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (same); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, no movant seeking appointment as Lead Plaintiff in the Related Actions has alleged a larger financial interest in the litigation than Kelemen. The following chart summarizes the substantial financial interest of Kelemen compared to those of the competing movants:

| Movant | Loss |
|---|---|
| Lawrence Kelemen | $636,738 |
| Ryan Manzek and Michael Mooney | $539,139 |
| Daryl Whitmore | $496,679 |
| William Hackney | $210,590 |

As the above chart illustrates, the ***$636,738*** loss that Kelemen incurred is significantly larger than the loss incurred by any competing movant.  It is nearly $100,000 larger than the $539,139 loss claimed by Manzek and Mooney, the movants with the next-largest financial interest.  As such, Kelemen clearly has the largest financial interest within the meaning of the PSLRA of any putative class member seeking appointment as Lead Plaintiff in the Related Actions.

### 2.  Kelemen Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Kelemen has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23.  *See Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94.  First, the claims of Kelemen satisfy the typicality requirement of Rule 23(a)(3) because his claims in the Related Actions are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See, e.g.*, *In re Orion Secs. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010).  Second, Kelemen satisfies the adequacy requirement of Rule 23(a)(4) because "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff[s] and the members of the class; and (3) the proposed lead plaintiff[s] ha[ve] a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley*, 272 F.R.D. at 131; *see*

*also Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

Kelemen has further demonstrated his adequacy by submitting a Declaration with his initial motion papers attesting to, *inter alia*, his background, his awareness of the status of this litigation and the significance of his motion, his reasons for seeking appointment as Lead Plaintiff, and his readiness to undertake the responsibilities of Lead Plaintiff, including supervising his chosen counsel. *See* Dkt. No. 17-5.

To overcome the strong presumption entitling Kelemen to appointment as Lead Plaintiff, the PSLRA requires **"*proof*"** that the presumptive Lead Plaintiffs are inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Finally, as discussed in greater detail below, Kelemen has further demonstrated his adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

\* \* \* \*

Because Kelemen has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate" plaintiff of the Class within the meaning of the PSLRA.

### B.    Kelemen's Selection Of Lead Counsel Should Be Approved

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiffs' selection only when necessary to "protect the interests of the class." 15 U.S.C. §

6

78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese*, 589 F. Supp. 2d at 398); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (finding Lead Plaintiff "is primarily responsible for selecting lead counsel").

Here, Kelemen has selected Pomerantz as Lead Counsel for the Class. As Pomerantz's resume reflects, the firm is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 17-6. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.* Thus, the Court may be assured that by approving Kelemen's selection of counsel, the Class members will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, and for the reasons set forth in his moving brief (Dkt. No. 15), Kelemen respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

Dated:  February 16, 2021                          Respectfully submitted,

                                                   POMERANTZ LLP

                                                   */s/ Jeremy A. Lieberman*
                                                   Jeremy A. Lieberman
                                                   J. Alexander Hood II
                                                   James M. LoPiano
                                                   600 Third Avenue
                                                   New York, New York 10016
                                                   Telephone: (212) 661-1100
                                                   Facsimile: (212) 661-8665
                                                   jalieberman@pomlaw.com
                                                   ahood@pomlaw.com
                                                   jlopiano@pomlaw.com

                                                   POMERANTZ LLP
                                                   Patrick V. Dahlstrom
                                                   10 South LaSalle Street, Suite 3505
                                                   Chicago, Illinois 60603
                                                   Telephone: (312) 377-1181
                                                   Facsimile: (312) 377-1184
                                                   pdahlstrom@pomlaw.com

                                                   *Counsel for Lawrence Kelemen and Proposed*
                                                   *Lead Counsel for the Class*

8