UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL DARISH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>Defendants. | Case No. 1:20-cv-05917-ENV-RLM<br><br>**RESPONSE TO COMPETING MOTIONS TO CONSOLIDATE THE RELATED ACTIONS, APPOINT LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u> |
| CHARLES HYMOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>Defendants. | Case No. 1:20-cv-06126-PKC-RLM<br><br><u>CLASS ACTION</u> |

Class member William Hackney ("Mr. Hackney") submits this response with respect to the competing motion of movant Lawrence Kelemen ("Mr. Kelemen") in the above-captioned actions for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and in opposition to all other movants. Moreover, for reasons discussed below, for the protection of the Class, Mr. Hackney should be appointed co-lead plaintiff, with his choice of counsel approved as co-lead counsel, along with Mr. Kelemen should he be found to be an adequate lead plaintiff. Together Mr. Kelemen and Mr. Hackney are the "members of the

- 1 -

010981-11/1434742 V3

purported plaintiff class . . . most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA creates a presumption that the "most adequate plaintiff" for the purposes of these motions is the person or group that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(B)(iii)(I). The statutory language of the PLSRA also states "the court . . . shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable . . ." which allows for the possibility of the Court combining competing movants. *Sayce v. Forescout Techs., Inc.*, No. 3:20-cv-00076-SI, 2020 WL 6802469, at *7 (N.D. Cal. Nov. 19, 2020) (appointing both competing institution with smaller individual investor citing 15 U.S.C. § 78u-4(a)(3)(B)(i).

Here, "the relief sought by the class" consists of recovery for investment losses suffered as a result of transactions in Northern Dynasty securities between December 21, 2017 and November 25, 2020. The complaints and each movant recognizes that were only two disclosures which caused the inflation in the stock to collapse—one on August 24, 2020 and one on November 25, 2020.

Mr. Hackney applied for appointment as lead plaintiff on February 2, 2021, stating that he suffered losses of over $210,000. Several competing motions were filed, and based on a review of those motions it appears that Mr. Hackney does not have the largest financial interest in this litigation. Rather, Mr. Kelemen does, but with qualification.

According to Mr. Kelemen's certification and damage calculations, he is the only individual movant with a larger financial interest than Mr. Hackney. But, this financial interest only extends through the first part of the Class Period where he bought shares. With the first partial disclosure of the truth, Mr. Kelemen completely sells all of his shares on August 24th—

010981-11/1434742 V3

within hours of the first partial disclosure. Thus, Mr. Kelemen is completely out of the Northern Dynasty stock by August 24, 2020 (the Class Period ends on November 25, 2020).

Like the other movants, Mr. Kelemen recognizes that there are two distinct disclosures in the Class Period: one on August 24th, and a second and final disclosure on November 25th. After the first disclosure, however, Mr. Kelemen no longer owned any interest in Northern Dynasty securities. Neither does Mr. Kelemen have any interest in proving the second disclosure was a disclosure of fraud, nor that it caused any damages. His interest in protecting a class stops on August 24' 2020. Thus while Mr. Kelemen is the movant with the largest financial interest for the Class Period, alone his is not the most capable "members of the purported plaintiff class . . . most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). A member with an interest in the Class Period between August 24th and November 25th should be added.

Mr. Hackney is just such member. Mr. Hackney purchased 160,000 shares after August 24, 2020 and held these shares, as well as the shares he bought before August 24th through the end of the Class Period on November 25, 2020, and was damaged to the tune of $102,200.00 as a result (compared to his total loss of $210.590.16 for the entire Class Period). Thus, appointment of Mr. Hackney as a co-lead plaintiff would ensure that those who purchased shares after the first drop on August 24th, were represented for the second half of the class after which further disclosures were made.

The only other non-group movant, Daryl Whitmore ("Mr. Whitmore"), also claims a larger financial interest than Mr. Hackney. However, most of his losses may be unrelated to either of the pled disclosures of the fraud on August 24th and November 25th. Rather, Mr. Whitmore is in and out of the Northern Dynasty stock throughout the Class Period. Like the

- 3 -

other movants, Mr. Whitmore recognizes only these two disclosures of fraud but makes no attempt to link his trades to losses caused by these two disclosures. *See* ECF No. 12 page 3.

To determine which types of losses are recoverable, courts have looked to *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), a seminal Supreme Court case concerning the plaintiff's ability to recover in a PSLRA action. *Compare Galmi v Teva Pharms. Indus.,* 302 F Supp 3d 485, 504 (D. Conn. 2017) refusing to consider in and out trades, looking to recoverable losses under *Dura* and distinguishing *In re Gentiva Sec. Litig*., 281 F.R.D. 108, 112 (E.D.N.Y. 2012) where movant argued plausible multiple partial disclosures under a leakage theory.

Rather, a review of Mr. Whitemore's certification and damage calculations reveals that he flipped Northern Dynasty stock through approximately 671 trades in and out during the Class Period. His damage calculations do not break out what losses he incurred during the intra-disclosure periods. And such a trading pattern evinces an atypical trading strategy which could subject Mr. Whitmore to unique defenses.

Mr. Hackney, on the other hand, made only purchases during the class period, did not sell any stock, and held until the end, suffering $210,590.16 in losses.

The other two movants with a claimed larger financial interest than Mr. Hackney are unrelated groups—Mooney / Manzek and McCormick / Martel—and should be rejected. *See Gentiva*, 281 FRD at 118-120 (extensive discussion of reasons for disallowing unrelated group of two institutional investors). Moreover, each member of these two groups is, like Mr. Whitmore, in and out of the stock frequently and do not set forth their damages caused with the truth was disclosed on the 24th and November 25th.

010981-11/1434742 V3

Accordingly, should the Court find it appropriate to appoint Mr. Kelemen as lead plaintiff, and approve his selection of counsel, Mr. Hackney should be appointed co-lead plaintiff with movant Mr. Kelemen, and his selection of Hagens Berman Sobol Shapiro as co-lead counsel approved, so as to adequately and most capably represent those who purchased the stock of Northern Dynasty after August 24, 2020 and were harmed by the failure to disclose the information disclosed on November 25, 2020.

DATED: February 16, 2021                    Respectfully Submitted,

                                            HAGENS BERMAN SOBOL SHAPIRO LLP

                                            By    */s/ Nathaniel A. Tarnor*
                                                  NATHANIEL A. TARNOR

                                            322 8th Avenue, Suite 802
                                            New York, NY10001
                                            Telephone: (212) 752-5455
                                            Facsimile:  (917) 210-3980
                                            nathant@hbsslaw.com

                                            Reed R. Kathrein
                                            Lucas E. Gilmore
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 202
                                            Berkeley, CA  94710
                                            Telephone: (510) 725-3000
                                            Facsimile:  (510) 725-3001
                                            reed@hbsslaw.com
                                            lucasg@hbsslaw.com
                                            danielles@hbsslaw.com
                                            wesleyw@hbsslaw.com

                                            Steve W. Berman
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            1301 Second Avenue, Suite 2000
                                            Seattle, WA  98101
                                            Telephone: (206) 623-7292
                                            Facsimile:  (206) 623-0594
                                            steve@hbsslaw.com

                                            *Counsel for [Proposed] Lead Plaintiff*

010981-11/1434742 V3

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

010981-11/1434742 V3