UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL DARISH, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>          Defendants. | Case No. 1:20-cv-05917-ENV-RLM<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT WILLIAM HACKNEY AS LEAD PLAINTIFF AND APPROVE HIS SELECTION OF LEAD COUNSEL**<br><br>CLASS ACTION |
| CHARLES HYMOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>NORTHERN DYNASTY MINERALS LTD., RONALD WILLIAM THIESSEN, MARK C. PETERS, MARCHAND SNYMAN, and TOM COLLIER,<br><br>          Defendants. | Case No. 1:20-cv-06126-PKC-RLM<br><br>CLASS ACTION |

Class member William Hackney ("Mr. Hackney") submits this reply with respect to the competing motion of movant Lawrence Kelemen ("Mr. Kelemen") in the above-captioned actions for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Only Mr. Kelemen and Mr. Hackney remain as movants. On February 16, 2021, movants Antonio Sierra Hernandez, Jeremy Spears, and Christopher Wu (the "Hernandez / Spears / Wu Group"), Jim McCormick and Laurent Martel ( "the McCormick / Martel Group"), Ryan Manzek and Michael Mooney (the "Manzek / Mooney Group"), and Daryl Whitmore

- 1 -

("Mr. Whitmore") stated that they did not have the largest financial interest in the relief sought and filed non-oppositions. ECF Nos. 24, 25, 26 and 28 respectively.

As set forth in William Hackney's response [ECF No. 29], the PSLRA creates a presumption that the "most adequate plaintiff" for the purposes of these motions is the person or group that has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(B)(iii)(I). The statutory language of the PLSRA also states "the court . . . shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable . . ." which allows for the possibility of the Court combining competing movants. *Sayce v. Forescout Techs., Inc.*, No. 3:20-cv-00076-SI, 2020 WL 6802469, at \*7 (N.D. Cal. Nov. 19, 2020) (appointing both competing institution with smaller individual investor citing 15 U.S.C. § 78u-4(a)(3)(B)(i)).

For the reasons discussed in William Hackney's response, Mr. Kelemen and Mr. Hackney are the "members of the purported plaintiff class . . . most capable of adequately representing the interests of the class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). While Mr. Kelemen has the largest losses in the Class Period, he did not retain any shares through the end of the Class Period. He is a complete in-and-out trader during the Class Period. However, since he bought before the first alleged disclosure of fraud, and sold after, this is not fatal. He still has recognizable losses. Nevertheless, since he sells out any interest in Northern Dynasty securities after the first alleged disclosure, Mr. Kelemen has no financial interest in the second half of the Class Period, and accordingly has no interest in proving that the fraud continued, that the final disclosure revealed any new news of fraud or that investors in the second half are entitled to any damages. *See* ECF No. 29 at 2-3. Mr. Hackney, however, did purchase additional shares after the first disclosure and held all of his shares through the final alleged disclosure. *Compare* Mr.

- 2 -

Kelemen's Loss Calculations and Certification [ECF Nos. 17-2 and 17-4] to those of Mr. Hackney's [ECF Nos.11-1 and 11-2]. Thus, Mr. Hackney has the incentive and interest to prove the fraud continued, that the final disclosure revealed new news of fraud or that investors in the second half of the Class Period are entitled to any damages.

Moreover, selected counsel for Mr. Hackney and Mr. Kelemen have and are currently working together in other cases and are able to manage litigation efficiently without conflict.

Accordingly, the Court should appoint Mr. Hackney as the co-lead plaintiff with Mr. Kelemen, and approve Mr. Hackney's selection of Hagens Berman Sobol Shapiro as co-lead counsel, so as to adequately and most capably represent those who purchased the stock of Northern Dynasty after August 24, 2020 and were harmed by the failure to disclose the information disclosed on November 25, 2020.

DATED: February 23, 2021

Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/ Nathaniel A. Tarnor*
        NATHANIEL A. TARNOR

322 8th Avenue, Suite 802
New York, NY10001
Telephone: (212) 752-5455
Facsimile: (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

- 3 -

- 4 -

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*

010981-11/1438791 V3

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

010981-11/1438791 V3