

Emma Gilmore
Partner

November 28, 2022

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *In re Northern Dynasty Minerals Ltd. Securities Litigation*
> Case No. 1:20-cv-05917-ENV-RLM

Dear Judge Vitaliano,

We represent Lead Plaintiff Lawrence Kelemen and Named Plaintiff Charles Hymowitz (collectively, "Plaintiffs") and write to respond to Defendants' "Motion to Strike or in the Alternative for Leave to Enter a More Fulsome Response." ECF Nos. 44 and 44-1. Defendants filed the motion pursuant to FRCP 12(f). The motion violates Rule III.A of this Court's Individual Motion Practice and Rules. Rule III.A states that "in cases where all parties are represented by counsel, a pre-motion conference with the Court must be requested before making any motion . . . pursuant to FRCP 12." Defendants' November 22, 2022 motion admits as much. ECF No. 44 (requesting "leave" to file a motion). Courts in this Circuit routinely refuse to rule on motions filed in violation of the pre-motion conference rule. *Andrews v. Freemantlemedia N.A., Inc.*, 2014 WL 6686590, at \*15 (S.D.N.Y. Nov. 20, 2014), *aff'd sub nom. Andrews v. Fremantlemedia, N.A., Inc.*, 613 F. App'x 67 (2d Cir. 2015) (striking FRCP 12 motions and stating that the motions were "filed without leave and in violation of Individual Rule (2)(b), which requires parties to request a pre-motion conference and either attend such a conference or receive leave from the Court before making a motion.").

Substantively, the motion has no merit. *First*, admissible evidence is not required at the pleading stage. On a motion to dismiss, the district court must accept as true all factual statements alleged in the complaint, and "whether the statements . . . might constitute inadmissible hearsay when relied upon for the truth of the matters asserted is simply irrelevant." *DLJ Mortg. Capital, Inc. v. Kontogiannis*, 726 F. Supp. 2d 225, 235 (E.D.N.Y. 2010). "At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) (internal citation omitted). "Thus, even assuming that Plaintiff's allegations are replete with hearsay, for the purpose of a motion to dismiss, the Court 'accepts the truth of the factual allegations pled and

600 Third Avenue, New York, NY 10016  Main: 212.661.1100  Direct: 646.581.9997  www.pomlaw.com

NEW YORK   CHICAGO   LOS ANGELES   PARIS   TEL AVIV

Hon. Eric N. Vitaliano, U.S.D.J.
Page 2

construes those facts in the light most favorable to the plaintiff,' irrespective of their admissibility at some later stage." *Thompson v. Booth*, 2018 U.S. Dist. LEXIS 169723, at *15-16 (S.D.N.Y. Sep. 28, 2018) (internal citation omitted). "[T]o hold that hearsay-based allegations cannot be considered on a motion to dismiss would lead to the absurd result that a plaintiff could effectively be punished for pleading too much, in the sense that a complaint pleading unattributed facts could survive a motion to dismiss, while one that pleads the same facts, but admittedly bases them on hearsay, could not." *Campanella v. Cty. of Monroe*, 853 F. Supp. 2d 364, 378 (W.D.N.Y. 2012).

*Second*, the U.S. House Transportation & Infrastructure Committee's report cites Pebble's own documents.[1] The report underscores that "[o]f all the documents produced by Pebble LP and the Corps, it is the internal emails authored or received by Mr. Collier and Mr. Thiessen that prove most damaging and provide deeply concerning insight into the true intentions of those wanting to develop Pebble Mine." *Id*. at 13-14. Under Federal Rule of Evidence 801(d)(2), an opposing party's statements are not hearsay. *Phoenix Ins. Co. v. APF Fire Prot., Inc.*, 2012 WL 3834743, at *4 (S.D.N.Y. Aug. 27, 2012) (holding that an opposing party's statements are not hearsay) (citing Fed. R. Evid. 801(d)(2)).

*Third*, the report's findings are unquestionably relevant to Plaintiffs' claims. The report identifies the following "disturbing findings," which are the crux of the Consolidated Amended Class Action Complaint, ECF No. 37:

- Since at least early 2019, Pebble LP planned to build a mine with a lifespan longer than 20 years.

- Pebble LP's former CEO Tom Collier lied to Congress when he testified at a hearing before the Subcommittee on Water Resources and Environment that Pebble LP had "no current plans, in this application or in any other way, for expansion" of the mine beyond 20 years—this was likely criminal conduct.

- Pebble LP deliberately sought to mislead regulators regarding the mine's planned scope in order to avoid more robust environmental and public review processes.

Report at 3.

Defendants argue that Plaintiffs' November 15, 2022, letter is an attempt to amend the complaint. ECF No. 44-1 at 1. But Plaintiffs wrote to advise the Court of recent developments related to this action. ECF No. 43. Plaintiffs already requested leave to amend the complaint in their Opposition to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 40 at 49), in the event the Court was inclined to dismiss Plaintiffs' claims.

In sum, Defendants' motion is procedurally infirm and legally baseless. The Court should disregard it.

---

[1] https://transportation.house.gov/imo/media/doc/TI%20Committee%20Pebble%20Mine%20Report%20and%20Appendix%201.pdf

Hon. Eric N. Vitaliano, U.S.D.J.
Page 3

Regards,

*/s/ Emma Gilmore*
Emma Gilmore
POMERANTZ LLP

cc: All Counsel of Record

3