UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
IN RE NORTHERN DYNASTY                                       :
MINERALS LTD. SECURITIES                                     :
LITIGATION                                                   :     ORDER DENYING MOTION TO STRIKE
                                                             :
                                                             :     1:20-cv-05917-ENV-RLM
                                                             :
                                                             :
------------------------------------------------------------ x

VITALIANO, D.J.

On November 15, 2022, plaintiffs Lawrence Kelemen and Charles Hymowitz filed a letter

with the Court, informing the Court that the U.S. House Transportation & Infrastructure

Committee had released a report concerning the events at issue in this case.  Letter, Dkt. No. 43.

On November 22, 2022, defendants Northern Dynasty Minerals Ltd., Ronald W. Thiessen, and

Tom Collier filed a motion to strike the Letter pursuant to Federal Rule of Civil Procedure 12(f)

on the basis that the Letter was "an attempt to . . . effectively amend, without leave, both the

Amended Complaint and [plaintiffs'] Opposition to the Defendants' Motion to Dismiss."  Mot.,

Dkt. No. 44; Defs.' Mem, Dkt. No. 44-1, at 2.[1]  Plaintiffs responded on November 28, 2022.  Pls.'

Resp., Dkt. No. 45.  For the reasons described below, defendants' motion is denied.

Discussion

Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial,

impertinent, or scandalous matter."  This rule, by its plain language, "permits a court to *strike*

*pleadings* only."  *Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 132

n.1 (S.D.N.Y. 2020) (emphasis original).  Importantly, "[m]otions, declarations, and affidavits are

---

[1] Page citations to the parties' memoranda are with reference to ECF pagination rather than internal pagination.

not pleadings." *Id.* (quoting *Huelbig v. Aurora Loan Servs., LLC*, No. 10 Civ. 6215 (RJH) (THK), 2011 WL 4348281, at *2 (S.D.N.Y. May 18, 2011), *report and recommendation adopted*, No. 10 Civ. 6215 (RJH) (THK), 2011 WL 4348275 (S.D.N.Y. Sept. 16, 2011)) (alteration original).

Based on the Court's reading of the Letter, it is not a pleading, nor is it, as defendant implies, a motion to amend a pleading. Instead, as plaintiff describes in its response, the Letter serves "to advise the Court of recent developments related to this action." Pls.' Resp. at 2. Such letters are an ordinary, and even an expected, part of litigation, and courts in this circuit regularly consider such letters without incident. *See, e.g.*, *Moroughan v. Cnty. of Suffolk*, No. 12 Civ. 512 (JFB) (AKT), 2015 WL 2412365, at *2 (E.D.N.Y. May 20, 2015) (considering points raised in "a letter" sent by plaintiff "to advise the Court of a development related to" the case, even while the court's action thereon "was still pending"); *Allah v. Annucci*, No. 16 Civ. 841 (KMK), 2017 WL 3972517, at *5 (S.D.N.Y. Sept. 7, 2017) (considering a letter filed by defendant regarding subsequent developments in plaintiff's administrative case on the same issue underlying plaintiff's suit); *Teva Pharms. USA, Inc. v. Sandoz Inc.*, No. 09 Civ. 10112 (KBF), 2013 WL 3732867, at *9 (S.D.N.Y. July 16, 2013) (deeming a case mooted based on defendants' letters in which they commit not to further infringe the patent at issue). The Court accordingly lacks the authority to strike the Letter under Rule 12(f), as it is not a pleading.

2

Conclusion

For the reasons stated above, Rule 12(f) does not apply to the Letter, and defendants' motion is denied on that basis.  This Order does not in any way impact defendants' motion to dismiss the complaint, Dkt. No. 39, which remains pending before the Court.

So Ordered.

Dated:  November 29, 2022
         Brooklyn, New York

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge