**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE NORTHERN DYNASTY MINERALS LTD. SECURITIES LITIGATION | Case No. 1:20-cv-05917-ENV-TAM |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND AWARDS TO PLAINTIFFS**

**TABLE OF CONTENTS**

**Page**

I.     THE CLAIMS ADMINISTRATOR COMPLETED A ROBUST NOTICE
PROGRAM AS APPROVED BY THE COURT...............................................................2

II.    THE LACK OF OBJECTIONS SUPPORTS FINAL APPROVAL ................................. 2

III.   THAT ONLY THREE SETTLEMENT CLASS MEMBERS OPTED OUT
SUPPORTS FINAL APPROVAL...................................................................................... 4

IV.   CONCLUSION................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Detroit v. Grinnell Corp.*,
495 F.2d 448 (2d Cir. 1974)................................................................................2, 3

*In re Crazy Eddie Sec. Litig.*,
824 F. Supp. 320 (E.D.N.Y. 1993) ............................................................................3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010)............................................................3

*In re Luxottica Grp. S.p.A. Sec. Litig.*,
233 F.R.D. 306 (E.D.N.Y. 2006) ..........................................................................2, 4

*In re Telik, Inc. Sec. Litig.*,
576 F. Supp. 2d 570 (S.D.N.Y. 2008)......................................................................3

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007).............................................................3

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007).............................................................3

*Morris v. Affinity Health Plan, Inc.*,
859 F. Supp. 2d 611 (S.D.N.Y. 2012).......................................................................4

*Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*,
2013 WL 4525323 (E.D.N.Y. Aug. 27, 2013)..........................................................3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005).......................................................................................3

Lead Plaintiff Lawrence Kelemen ("Lead Plaintiff") and Named Plaintiff Charles Hymowitz ("Named Plaintiff" and, together with Lead Plaintiff, the "Plaintiffs"), respectfully submit this reply memorandum of law in further support of their motions for (1) final approval of the proposed class action Settlement (Dkt. No. 68, "Final Approval Motion"); and (2) an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs (Dkt. No. 69, "Fee Motion"). Plaintiffs also submit the Supplemental Declaration of Emma Gilmore, dated November 30, 2023 ("Supp. Gilmore Decl.") and the Supplemental Declaration of Morgan Kimball, dated November 30, 2023 ("Supp. Kimball Decl.") in support of their motions.[1]

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested awards to Plaintiffs, or to opt out of the Settlement Class, was November 16, 2023. Dkt. No. 67-1 (Preliminary Approval Order) ¶¶21, 25. To date, not one objection has been filed (timely or otherwise). Supp. Gilmore Decl. ¶5. Only three putative Settlement Class Members have validly requested to be excluded from the Settlement Class. Supp. Kimball Decl. ¶8. Further, to date, the Claims Administrator has received 1,539 claims[2] from potential Class Members. Supp. Kimball Decl. ¶12.

Therefore, the reaction of Settlement Class Members strongly supports approval of the Settlement and requested attorneys' fees, expenses, and awards to Plaintiffs. The Court should

---

[1] All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement dated May 24, 2023 ("Stipulation") (Dkt. No. 64-1). Emphasis is added and internal citations and quotations are omitted unless otherwise noted. The Supp. Kimball Decl. is attached as Exhibit 1 to the Supp. Gilmore Decl.

[2] A large number of claims (especially those from nominees and third-party filers) are submitted just prior to the claim filing deadline. Nominee submissions are often filed in bulk on behalf of multiple beneficial owners at once, so each submission may contain multiple individual claims. Accordingly, Epiq anticipates receiving a large number of additional claims for this matter in the coming days and right before the claim filing deadline. Supp. Kimball Decl. at 4 n.2.

1

grant the Final Approval Motion and Fee Motion and it should enter the [Proposed] Order and Final Judgment, attached to the Supp. Gilmore Decl. as Exhibit 2.

## I.   THE CLAIMS ADMINISTRATOR COMPLETED A ROBUST NOTICE PROGRAM AS APPROVED BY THE COURT

Pursuant to the Preliminary Approval Order, the Claims Administrator completed a robust notice program, which included disseminating 80,505 copies of the Postcard Notice, Summary Notices, or Notice Packet to identifiable potential Settlement Class Members or their nominees, publishing the Summary Notice in *Investor's Business Daily* and electronically over *PR Newswire*, and publishing all relevant Settlement documents on the Claims Administrator's website. *See* Supp. Kimball Decl. ¶¶4-5; Dkt. No. 72-1 (Declaration of Morgan Kimball ("Kimball Decl.")) ¶¶8, 12.

The Postcard Notice (Dkt. No. 72-1, Ex. B to the Kimball Decl.) describes the Action and the Settlement, provides information about Settlement Class Members' rights, and directs potential Settlement Class Members to the Claims Administrator's website to obtain copies of the Notice. The Notice includes the Plan of Allocation and provides greater detail about the Action, the Settlement, and the procedures to file a claim, request exclusion from the Settlement Class, or object to the Settlement. (Dkt. No. 72-1, Ex. C to the Kimball Decl.). The Postcard Notice, Notice, and Summary Notice (Dkt. No. 72-1, Ex. A to the Kimball Decl.) informed Settlement Class Members of their right to: (i) submit an objection; or (ii) request exclusion from the Settlement Class.

## II.   THE LACK OF OBJECTIONS SUPPORTS FINAL APPROVAL

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of

2

14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005). *See also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at \*16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

A favorable reaction by settlement class members is also evidence supporting approval of a plan of allocation. *See Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 2013 WL 4525323, at \*13 (E.D.N.Y. Aug. 27, 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the relatively small number of opt-outs and absence of objections from class members"); *In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation . . . . This favorable reaction of the Class supports approval of the Plan of Allocation.").

Here, no Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested awards to Plaintiffs. *See* Supp. Gilmore Decl. ¶5; Supp. Kimball Decl. ¶10.

The lack of any objections also supports awarding the requested attorneys' fees and expenses and awards to Plaintiffs. *In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115808, at \*1, \*10-12 (S.D.N.Y. Nov. 7, 2007) (reaction of class members "is entitled to great weight by the Court" and the absence of any objections to the fee request, expenses, and award to plaintiff supports their "fairness and reasonableness"); *In re Telik, Inc. Sec. Litig*., 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (few or no objections to fee award is "powerful evidence that the requested fee is fair and reasonable"); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).

3

**III.    THAT ONLY THREE SETTLEMENT CLASS MEMBERS OPTED OUT SUPPORTS FINAL APPROVAL**

The deadline to opt out of the Settlement was November 16, 2023. Only three putative Settlement Class Members, collectively holding 5,300 shares, a fraction of more than 300 million damaged shares in total, have validly requested exclusion from the Settlement Class. *See* Supp. Gilmore Decl. ¶5; Supp. Kimball Decl. ¶¶6-8, Ex. A. These requests for exclusion are valid as they are both timely (*i.e.*, received via mail by November 16, 2023) and complete (*i.e.*, contain the necessary information described in the Notice). Supp. Kimball Decl. ¶¶6-8, Ex. A. Epiq received two additional requests for exclusion. While those requests were timely, they are invalid because they are incomplete. *Id.* Epiq has contacted the two individuals who submitted invalid requests for the necessary information and they have not cured the issue. *Id.* Such a miniscule number of opt-outs strongly supports final approval. *See, e.g.*, *Luxottica*, 233 F.R.D. at 312 (lack of requests for exclusion from settlement "strongly supports approval of the settlement"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619-20 (S.D.N.Y. 2012) (where only 16 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.") (collecting cases).

**IV.    CONCLUSION**

For the reasons stated herein and in Plaintiffs' previously filed memoranda, the Court should: (1) find that the Settlement and the Plan of Allocation are fair, reasonable, and adequate, and grant the Final Approval Motion in full; (2) approve Lead Counsel's application for an award of attorneys' fees, reimbursement of expenses, and awards to Plaintiffs as described in the Fee Motion; and (3) enter the [Proposed] Order and Final Judgment.[3]

---

[3] The Settlement is conditioned on entry of the [Proposed] Order and Final Judgment. *See* Stipulation ¶11.1(iv).

Dated: November 30, 2023

Respectfully submitted,

**POMERANTZ LLP**
*/s/ Emma Gilmore*
Jeremy A. Lieberman
Emma Gilmore
Dolgora Dorzhieva
Villi Shteyn
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
egilmore@pomlaw.com
ddorzhieva@pomlaw.com
vshteyn@pomlaw.com

*Lead Counsel for Plaintiffs and for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Named Plaintiff and for the Class*

5

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

By: */s/ Emma Gilmore*
Emma Gilmore